IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| JAMES DURRETT, et al, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | Case No. 4:06-CV-179 |
| | § | |
| HARRIS PAULEY LIMITED, et al, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM OPINION & ORDER DENYING PLAINTIFFS' MOTION AND MEMORANDUM IN SUPPORT OF MOTION TO STRIKE OR, IN THE ALTERNATIVE, MEMORANDUM IN SUPPORT OF MOTION FOR A MORE DEFINITE STATEMENT**

Before the court is "Plaintiffs' Motion and Memorandum in Support of Motion to Strike or, in the Alternative, Memorandum in Support of Motion for a More Definite Statement" (de #56 and 58). The Defendants did not respond to the motion nor did they file an amended counterclaim. Several requests for amended scheduling orders, however, have been granted.

The deadline for filing amended pleadings in the original Scheduling Order was December 11, 2006. *See* Scheduling Order, de #11. The Defendants filed their First Original Counterclaim on January 2, 2007. Because the Defendants did not obtain leave of court or written consent from the Plaintiffs to file its counterclaim past the scheduling order's deadline, the Plaintiffs moved for the court to strike the counterclaim. In the most recent amended scheduling order, however, the court set the deadline for filing amended pleadings as June 20, 2007. *See* Agreed Amended Scheduling Order, de #75. Therefore, the Plaintiffs' motion to strike the first original counterclaim as untimely is denied as moot.

In the alternative, the Plaintiffs moved for a more definite statement. Plaintiffs claim that the counterclaim is so vague or ambiguous that they are unable to properly respond. Specifically, Plaintiffs point to the Defendants/Counter-Plaintiffs allegation of civil conspiracy on page nine of the counterclaim and argue that no cause of action for civil conspiracy exists. Plaintiffs also contend that a more definite statement is needed with regard to Paragraph 4.07(e). Plaintiffs request a more definite identification of the tenants and lease agreements with which the Defendants contend the Plaintiffs/Counter-Defendants allegedly interfered. Finally, the Plaintiffs/Counter-Defendants argue that Paragraphs 4.14, 4.15, and 4.27 need more definite statements that identify those "third persons" and "other tenants" to whom the Defendants/Counter-Plaintiffs made derogatory statements.

If a complaint is so vague and ambiguous that a defendant cannot reasonably be required to frame an answer, "even with a simple denial, in good faith or without prejudice to [itself]," the proper method by which the defendant should request that a plaintiff clarify its claims is through a Rule 12(e) motion. *Lopez v. San Antonio State Hosp.*, 2006 WL 3372503, *1 (Nov. 20, 2006 W.D. Tex.) (quotations omitted). Federal Rule of Civil Procedure 8(a) requires only a short and plain statement of the claim showing that the plaintiff is entitled to relief. Fed. R. Civ. P. 8(a). But a complaint may nonetheless be found inadequate if it fails to "(1) provide notice of circumstances which give rise to the claim, or (2) set forth sufficient information to outline the elements of the claim or permit inferences to be drawn that these elements exist." *Beanal v. Freeport-McMoran, Inc.*, 197 F.3d 161, 164 (5th Cir. 1999) (citing Fed. R. Civ. P. 8(a)). A motion for a more definite statement, however, should not be a substitute for obtaining information that may be clarified or developed through discovery. *Ragsdale v. Classroom Teachers of Dallas*, 2007 WL 426637, *6 (Feb. 5, 2007 N.D. Tex.) (citing *Arista Records, L.L.C. v. Greubel*, 453 F. Supp. 2d 961 (N.D. Tex.

2006)).

The Plaintiffs argue that civil conspiracy is not a cause of action and therefore something more definite must be alleged by the Defendants in their Counterclaim. The court does not completely agree with Plaintiffs' argument. While it is not a stand-alone claim, a cause of action for civil conspiracy does exist. That said, allegations of civil conspiracy "are not actionable absent an underlying overt unlawful act." *Amer. Tobacco Co., Inc. v. Grinnell*, 951 S.W.2d 420, 438 (Tex. 1997) (citing *Massey v. Armco Steel Co.*, 652 S.W.2d 932, 934 (Tex. 1983). Thus, liability for civil conspiracy does not attach unless there has been an unlawful, overt act in furtherance of the conspiracy. *Massey*, 652 S.W.3d at 934. In their counterclaim, the Defendants/Counter-Plaintiffs allege civil conspiracy in addition to several other unlawful acts: interference with existing contracts, slander and libel. The court reads these allegations together. In other words, the court interprets the counterclaim as the Defendants/Counter-Plaintiffs alleging that Plaintiffs committed those three unlawful acts and did so in concert, and therefore a civil conspiracy claim also exists. As such, the court finds that the motion for a more definite statement is not warranted with regard to the civil conspiracy claim.

The Plaintiffs next note that the Defendants/Counter-Plaintiffs did not specifically name those "third persons" or "other tenants" to whom the alleged libelous and slanderous statements were published. The Defendants/Counter-Plaintiffs did, however, identify that some statements were made to other Plaintiffs. The Plaintiffs want more, requesting to be told specifically to whom the statements were made. The court concludes that such information is an appropriate subject for discovery and need not be stated in "notice" pleadings. Therefore, it is sufficient that the counterclaim alleges who made the statements and what was said. As such, the court denies the

motion for a more definite statement on these grounds as well.

Having considered the Plaintiffs' Motion and Memorandum in Support of Motion to Strike or, in the Alternative, Memorandum in Support of Motion for a More Definite Statement" (de #56 and 58) and recognizing that the Defendants/Counter-Plaintiffs' failed to respond by either amending their counterclaim or filing a response, the court nonetheless **DENIES** the motion in its entirety.

**SIGNED this the 9th day of August, 2007.**

_____
RICHARD A. SCHELL
UNITED STATES DISTRICT JUDGE